UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PACITA REGINDIN,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | Case No. 17-CV-04798-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

On July 6, 2017, Plaintiff Pacita Regindin ("Plaintiff"), who is represented by counsel, filed a complaint against Defendant Wal-Mart Stores, Inc. ("Defendant") in the Superior Court of Santa Clara County. *See* ECF No. 2-1 at 20. On August 3, 2017, Plaintiff filed a First Amended Complaint against Defendant in state court. *See id.* at 11. On August 17, 2017, Defendant removed the case to this Court. *See* ECF No. 1. The case was initially assigned to Magistrate Judge Howard R. Lloyd. ECF No. 5.

On August 24, 2017, while the case was still assigned to Judge Lloyd, Defendant filed a motion to dismiss. *See* ECF Nos. 8–9. Plaintiff's response to Defendant's motion to dismiss was due on September 26, 2017. *See* ECF No. 8. On August 25, 2017, Defendant declined magistrate jurisdiction. *See* ECF No. 12. The case was then reassigned to Judge Beth Labson Freeman on

1
Case No. 17-CV-04798-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1 August 28, 2017, *see* ECF No. 14, but Judge Freeman recused. *See* ECF No. 15. The next day, on August 29, 2017, the case was reassigned to the undersigned. *See* ECF No. 16. The order reassigning the case to the undersigned specified that "existing briefing schedules for motions remain unchanged." *Id.* Thus, Plaintiff's September 26, 2017 deadline to respond to Defendant's motion to dismiss remained in place.

More than a month has now passed since the September 26, 2017 deadline, and Plaintiff has not opposed or otherwise responded to Defendant's motion to dismiss. Thus, the Court GRANTS with leave to amend Defendant's motion to dismiss. Should Plaintiff elect to file an amended complaint curing the deficiencies identified in Defendant's motion to dismiss, Plaintiff shall do so within thirty days of this Order. Failure to meet this thirty-day deadline or failure to cure the identified deficiencies will result in a dismissal with prejudice of the deficient claims. Plaintiff may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: November 2, 2017

_____
LUCY H. KOH
United States District Judge